[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
Date of Sentence May 10, 1994 Date of Application May 10, 1994 Date Application Filed June 10, 1994 Date of Decision January 24, 1995
Application for review of sentence imposed by the Superior Court, Judicial District of New London, G.A. 10.
Docket No. CR91-201773. CT Page 1397
Bruce A. Sturman, Esq., Defense Counsel, for Petitioner.
Teresa Ferryman, Esq., Assistant State's Attorney, for the State.
BY THE DIVISION
On November 6, 1992, at the Superior Court, G.A. 10, petitioner was convicted of the offense of possession of narcotics in violation of General Statutes § 21a-279(a). As a result of such conviction a sentence of five years execution suspended and three years probation was imposed. Conditions of probation imposed included a requirement that he remain drug free.
After an inspection of petitioner's residence by probation officers on March 9, 1994, petitioner was arrested for violation of probation. A hearing was held on the charge of violation of probation. The court, having found that petitioner did violate his probation, the order suspending the sentence was revoked and petitioner was committed to the custody of the commissioner of corrections for five years.
The attorney representing petitioner at the hearing argued for a reduction in sentence. He claimed that the sentence was excessive in view of the minor transgression which petitioner had committed. The attorney also stated that petitioner's relapse into the taking of drugs was brought about by the trauma of his son's murder. The attorney argued that under the circumstances the sentence should be reduced.
Speaking on his own behalf, petitioner stated that he did not know that he was in violation of probation and that he was merely trying to feel better.
The state's attorney argued against any reduction in sentence. She pointed out petitioner's substantial prior criminal record and that new charges were pending at the time of the violation of probation. The state's attorney also CT Page 1398 indicated that in violating his probation petitioner had reverted to the same type of criminal activity which caused him to be on probation.
In imposing the full sentence, the judge considered not only the violation itself but, petitioner's prior criminal record and prior probations. Under the circumstances of this case, it cannot be found that the sentence imposed was inappropriate or disproportionate when considering the nature of the offense and the character of petitioner. The sentence should not be modified. Connecticut Practice Book § 942.
Accordingly, sentence affirmed.
Purtill, J.
Klaczak, J.
Norko, J.
Purtill, J., Klaczak, J. and Norko, J. participated in this decision.